Jean-Paul Ciardullo (CA Bar No. 284170)
email:  jciardullo@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone:  213.972.4500
Facsimile:   213.486.0065

Jonathan E. Moskin (*pro hac vice*)
email: jmoskin@foley.com
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016-1314
Phone: 212-682-7474
Facsimile: 212-687-2329

*Attorneys for Plaintiff*
HERMAN MILLER, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| HERMAN MILLER, INC..<br><br>*Plaintiff*,<br><br>v.<br><br>BLUMENTHAL DISTRIBUTING, INC. d/b/a OFFICE STAR PRODUCTS; JORNG WELL INDUSTRIAL CO., LTD.; NOVA ASIA INT'L INC.; NOVA INNOVATIONS INT'L LTD.; and KING HONG INDUSTRIAL CO., LTD.,<br><br>*Defendants*. | Case No: 2:17-cv-04279 JAK-SP<br><br>[PROPOSED]<br>**PROTECTIVE ORDER** |

**WHEREAS,** in the course of this litigation disclosure will be sought of information which a party or third party regards as being of a confidential and/or proprietary nature, including, but not limited to, financial and other business information; and

**WHEREAS**, there is a need to establish a mechanism to protect the disclosure of such confidential or proprietary information in this action;

**GOOD CAUSE HAVING BEEN SHOWN**;

**IT IS HEREBY ORDERED** that the following protective order shall govern the disclosure of confidential and/or proprietary information provided in discovery in this action by any party or third party.

## I. DEFINITIONS.

The following definitions apply in this protective order:

A.  The designation "CONFIDENTIAL" can be applied by a party or third party to any type of information which that party or third party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential financial, business, personnel or related information. The designation made by a party or non-party shall be a certification to the Court and to the other parties that such information is believed to earnestly be Confidential within the meaning of this Stipulated Protective Order. All involved in making such designation shall act in good faith, and such designation shall not be made to impose burden or delay on an opposing party, for tactical or other advantage in litigation, or in order to avoid embarrassment. Information designated as "Confidential" in accordance with this provision shall be treated as Confidential Information until it ceases to be covered by this Stipulated Protective Order.

B.  The designation "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" can be applied by a party or third party to any type of information which it believes in good faith to constitute, contain, reveal or reflect proprietary or confidential, financial, business, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents only. Trade secret information qualifies as Confidential – Attorneys Eyes Only

information. This designation shall be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed subject to this more restrictive classification within the meaning of this Stipulated Protective Order.

  C. "Confidential Information" refers to all information which is subject to the designations "CONFIDENTIAL," or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as described above.

  D. "Party" means every party to this action and every director, officer, employee, and managing agent of every party to this action.

  E. "Third Party" means every person or entity not a party to this action that provides information, either testimonial or documentary, for use in this litigation through discovery or otherwise.

  F. "Order" means this Protective Order.

## II. TERMS OF THE PROTECTIVE ORDER.

### A. Materials Subject to Designation.

All depositions, originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions; and all documents, materials, tangible things and information obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered (hereinafter collectively referred to as "Information") can be designated by the party or a nonparty producing the Information subject to with the definitions set forth above.

### B. Treatment of "Confidential -- Attorneys Only" Information.

Except as provided in Paragraphs D, E and O below, information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than counsel of record for a party. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

### C. Treatment of "Confidential" Information.

Except as provided in Paragraphs D, E and O below, documents designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available, or communicated in any way to any person or entity other than counsel of record for a party, the parties to this action and their current employees, and third-party witnesses who counsel of record for a party believe have knowledge which would be reasonably calculated to lead to the discovery of admissible evidence. Before disclosure to any person or entity other than counsel of record for a party, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as Exhibit A. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

### D. Outside Experts and Consultants.

Documents designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and "CONFIDENTIAL" can also be shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with the preparation for trial or trial in this action, provided that before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute a written agreement in the form attached hereto as Exhibit A. The foregoing notwithstanding, any such expert or consultant who is an employee of a competitor of any of the parties shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and any such expert or consultant who is an employee of any of the parties shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

### E. Request for Additional Disclosure.

If any counsel of record desires to give, show, make available or communicate to

any person apart from those permitted under Paragraphs B, C, and D any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," that counsel of record shall first obtain the written consent of the designating party through such party's counsel of record or obtain leave of Court to do so. Each person to whom the Confidential Information is to be given, shown, made available or communicated must execute a written confidentiality agreement, in the form attached hereto as Exhibit A. Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be given, shown, made available or communicated to any person other than those permitted under Paragraphs B, C, and D.

F. **Record of Disclosure.**

A file shall be maintained by the counsel of record making a disclosure to third parties of all written agreements signed by persons to whom materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" have been given. A copy of each such agreement shall be sent to Counsel of Record for the designating party within five (5) days of disclosure, and said file shall be made available for inspection and copying by opposing counsel upon written request.

## G. Manner of Designating Documents.

A party shall designate documents containing Confidential Information by placing a legend in plain view on each page of any document that party wishes to protect against disclosure or use. This legend shall state "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "CONFIDENTIAL," as appropriate. A designation of Confidential Information as to anything of which inspection or sample has been requested shall be made by placing a "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the parties. All documents and things shall be marked prior to the provision of a physical copy thereof to the other party. Alternatively, documents may be made available for an initial inspection by counsel for the requesting (receiving) party prior to the furnishing party producing copies of selected items. In such cases, documents shall be inspected only by counsel for the receiving party permitted access to anything designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to the terms of this Order, prior to furnishing copies to the receiving party. Such initial inspection shall not constitute waiver of confidentiality with respect to any document so inspected.

## H. Initial Failure to Designate Information.

The initial failure to designate Information "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in accordance with this Order shall not preclude any party, at a later date, from so designating the documents and to require such documents to be treated in accord with such designation from that time forward. If such Information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed Information, advise such persons of the claim of confidentiality, and have such persons execute written confidentiality agreements in the form attached hereto as Exhibit A. With respect to any documents produced to date by either party or any depositions that have been taken to date, either party has until 30 days after the entry of this Order in which to

designate all or part of any such document or deposition as containing "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" information.

### I. Manner of Designating Depositions.

In the case of a deposition, counsel for such party may, at the commencement of such deposition, temporarily designate the entire deposition as "CONFIDENTIAL," provided, however, that where such an initial designation has been made, the designating party, within fifteen (15) days after receipt of the transcript, shall mark as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" those pages of the transcript as such party shall then deem confidential, (the confidential designation of all remaining pages being rescinded after such period), and shall notify the other party in writing which pages are deemed Confidential Information. In the event that such notice is not sent within said fifteen (15) days of the receipt of the transcript, no portion of the deposition shall thereafter be confidential unless the designating party thereafter notifies the other party that the failure to timely designate occurred by oversight.

### J. Court Reporters.

Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving Confidential Information, that all Confidential Information is and shall remain confidential and shall not be disclosed except to the attorneys of record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the attorney of record for the designating party or to the Court subject to the provisions hereof.

### K. Filing Documents With The Court.

When information designated as Confidential Information is filed or lodged with the court, or any pleading or memorandum purports to reproduce or paraphrase such information, the materials to be filed or lodged must be accompanied by an application to file under seal in accordance with Local Rule 79-5.1..

4819-2482-3642.2

Upon default of the filing or lodging party properly to designate Confidential Information and file or lodge such information in accordance with this Order, any party who in good faith believes that designation and filing under seal is required may do so within five (5) days of learning of the defective filing or lodging. Notice of such designation shall be given to all parties. Nothing in this provision relieves a party of liability for damages caused by failure to properly file such information under seal.

**L.** **<u>No Effect On Party's Own Use.</u>**

Nothing contained in this Order shall affect the right of a party to disclose or to use as it desires any information designated and produced by itself as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

**M.** **<u>No Effect On Disclosure to Author or Addressees.</u>**

Nothing contained in this Order shall affect the right of a party to disclose any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to the author or addressees of the document.

**N.** **<u>No Applicability to Public Information.</u>**

The restrictions on dissemination of confidential information shall not apply to (i) information which prior to disclosure hereunder is either in the possession or knowledge of an inspecting party or person who, absent this order, is under no restriction regarding its dissemination, or (ii) information which is public knowledge or which after disclosure, becomes public knowledge other than through an act or omission of a party receiving the confidential information.

**O.** **<u>No Applicability to the Court or Court Personnel.</u>**

The restrictions in this Order on receipt or dissemination of confidential information shall not apply to the Court or to Court personnel.

**P.** **<u>Legal Effect of Designations.</u>**

The designation by a party of any document, material or information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" is intended solely to facilitate discovery in this action, and neither such designation nor treatment in

conformity with such designation shall be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains confidential information. This Order shall not prejudice the right of any party to bring before the Court a motion seeking a declaration that information produced by the other party has been wrongfully designated as Confidential Information and should not be subject to the terms of this Order, provided.. A party bringing such motion shall have the burden of proving that the information designated as Confidential Information is in the public domain or was in possession of the receiving party prior to its disclosure through discovery in this action, or is otherwise not appropriately designated as Confidential Information. Failure to so designate any document or thing shall not constitute a waiver of any claim by a party that such documents or things do contain proprietary information, and/or confidential information. The procedure for resolving any dispute as to the propriety of confidentiality designations, including any motion practice, shall be governed by Local Rule 37.

**Q.** **Final Disposition of Action.**

Within 60 days after the final disposition of this action, including appeals, each counsel of record shall, upon the request of a party: (a) promptly return to counsel of record for the designating party all information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and all copies made thereof which are not in custody of the Court; or (b) promptly destroy or see to the destruction of all writings related thereto, and certify to the designating party that such destruction has been done. As an exception to the above, counsel of record may retain a single file copy of any document filed with the Court, a copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits thereto. The copy of these retained documents shall be treated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect and/or copy said documents.

**R.** **Motion For Relief From Designation.**

If, subsequent to a party's receipt of information designated "CONFIDENTIAL --

ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," it shall appear to such party that any such information is not of a nature warranting the protection afforded hereunder, such party shall first notify counsel for the designating party in writing, specifically identifying the documents sought to be de-designated and the bases for the proposed de-designations. If the parties cannot resolve the issue, they shall follow the procedures set forth in Local Rule 37 for resolution of discovery disputes.

The producing party bears the burden of proof that any designated material meets the requirements for such designation. The material shall in all respects be treated as Confidential Information from the time of original designation until the Court has determined the issue.

### S. **Modification of Order.**

This Order shall not prevent any of the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

### T. **Survival of Terms.**

Absent written modification hereof by the parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

### U. **Submitting to Jurisdiction of the Court.**

Each person to whom disclosure of any designated Information is made shall be subject to and hereby submits to the jurisdiction of the United States District Court for the Central District of California for the purpose of contempt proceedings in the event of any violation of this Order.

### V. **Violation of Order.**

In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief

4819-2482-3642.2

against any such person violating or threatening to violate any of the terms of this Order and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy of law. The parties and any other person subject to the terms of this Order agree that this Court has jurisdiction over such person or party for the purpose of enforcing this Order. In the event that any confidential information is disclosed by a receiving party in violation of this order, the confidential information shall not lose its status through such disclosure, and the parties shall take all steps reasonably required to assure its continued confidentiality.

### W. Subpoena in Another Action.

Nothing in this order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

### X. Claw Back Of Privileged Materials

In the event that a producing party discovers that it has inadvertently produced material that is subject to a claim of attorney-client privilege or attorney work product privilege, it will promptly notify the receiving party and the receiving party shall return the material and destroy any copies. If the receiving party has a good faith belief that the materials are not privileged, it must file a motion within five (5) days of the demand from the producing party. Pending resolution of any such motion, the receiving party shall isolate the materials in question and prevent their disclosure to anyone else.

If a receiving party discovers a document that clearly appears on its face to constitute attorney-client privileged information or privileged attorney work product of the producing party, the receiving party will promptly notify the producing party, and thereafter the same procedure shall apply as above.

### Y. Treatment of Confidential Information at Trial.

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless

4819-2482-3642.2

compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial, and the owners of Confidential Information must seek further protection from the Court.

DATED: January 26, 2017 
_____

SHERI PYM

UNITED STATES MAGISTRATE JUDGE

4819-2482-3642.2

# **EXHIBIT A**
# **NON-DISCLOSURE AGREEMENT**

I, _____ , declare under penalty of perjury that:

    1.    My address is _____ .

    2.    My present employer is _____ .

    3.    My present occupation or job description is _____ .

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order ("Order") in the matter of *Blumenthal Distributing, Inc. v. Herman Miller, Inc., et al.,* in the United States District Court, Central District of California, Civil Action No. 5:14-cv-01926-JAK-SPx that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Order, and agree to be bound by the terms and conditions of the Order.

I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information in a container, cabinet, drawer, room or other safe place, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Dated: _____    Signed: _____

                                                          _____
                                                            *(print name)*